The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: Where the citizens of a municipality approve an ordinance providing for an additional 1% sales tax for the purpose of providing revenues and equipment for the volunteer ambulance service, and equipment for the city fire department and volunteer fire department, may the city treasurer deposit those proceeds into a bank account entitled "Volunteer Emergency Services" and allow the volunteer fire department (a department of the municipality) to expend these funds without approval and signatures by the governing body of the municipality? Title 68 O.S. 2701 [68-2701] (1971), provides authorization for a municipality to assess, levy and collect taxes for general and special purposes of municipal government. However, such authority does not authorize the expenditure or disbursement of the proceeds with unfettered discretion. Each political subdivision of the State must prepare a budget which includes an: "itemized Statement of estimated needs and probable income from sources other than ad valorem tax for the current year . . . The statement of estimated needs shall be itemized so as to show, by classes: first, the several amounts necessary for the current expenses of the political subdivisions and each officer and department thereof . . ." 68 O.S. 2483 [68-2483] (1971). (Emphasis added) The statement of estimated needs and probable income is filed with the excise board for approval according to law. 68 O.S. 2483 [68-2483] (1971). Based upon, inter alia, the approved estimated needs and probable income, the excise board makes levies and passes on appropriations for all municipal subdivisions as provided by law. 68 O.S. 24102 [68-24102] (1979). The levies are then collected, apportioned and distributed to the municipalities. The manner in which a municipality contracts, expends or disburses public funds is governed by various statutory provisions. Title 11 O.S. 17-101 [11-17-101] (1977), provides: "Any act of a municipal governing body which provides for the borrowing of moneys or for appropriating money shall not be valid unless a majority of all the council members or trustees vote in favor of the action. The municipal governing body may not appropriate or draw any order on the treasurer for money unless the same has been appropriated in the manner provided by law or ordered in pursuance of some object provided by law." 62 O.S. 310.1 [62-310.1] (1977), provides that the officer having authority to purchase or contract against a budget appropriation must submit a purchase order or contract to the municipal clerk when ordering against such budget appropriation. Following delivery of the merchandise, the invoice and purchase orders are submitted to the governing board for approval. 62 O.S. 310.16 [62-310.16] (1977), provides that upon approval, purchase orders shall be considered as claims for payment. Further, 11 O.S. 17-102 [11-17-102] (1977), provides: "Any claim against a municipality must be presented in writing and verified in the manner provided by law. No account or claim may be paid by the municipality unless it has been audited and allowed by the governing body and an entry of the account or claim is made in the proper books kept for that purpose. Moneys may be drawn from the municipal treasury only upon a proper warrant as provided by law." (Emphasis added) It is clear from the foregoing statutory provisions that collection and expenditure of public funds are strictly controlled. To deposit tax proceeds into a bank account and allow a particular department to expend those proceeds (even though the support of the particular department was the purpose of the tax) contravenes public policy and the intent of the statutes to provide a system of checks and balances to assure a proper accounting of public funds. It is, therefore, the official opinion of the Attorney General that all expenditures of tax proceeds, special or general, apportioned and distributed to the municipality or collected by a municipality must be approved by the governing board and disbursed from the municipal treasury according to law upon proper warrants issued by the municipal clerk or other official authorized to issue said warrants. (PATRICIA R. DEMPS) (ksg)